GEORGE H. BENNETT *vs.* ROXANNA BENNETT.

Oxford. . Opinion March 10, 1887.

*Contract.*

An action cannot be maintained upon a written promise to pay a certain sum of money on demand, or guarantee the payee the use of a certain farm during the life-time of the promisor, when it appears that the payee voluntarily left the farm without cause.

ON exceptions.

Assumpsit upon the writing, (which had been duly assigned to the plaintiff,) recited in the opinion. At the trial the presiding justice directed the jury to return a verdict for the defendant. To this direction the plaintiff alleged exceptions.

*S. F. Gibson*, for plaintiff.

Choses in action " are such as the owner has not in possession but merely a right of action for their possession." Chitty defines choses in actions to be rights to receive or recover a debt, money or damages for breach of contract, or for a tort connected with contract but which cannot be enforced without action and therefore termed choses or things in action. Bouvier's Law Dic. under " chose." Are they assignable? see R. S., c. 82, § 130 ; 66 Maine, 542 ; 69 Maine, 99.

In order for the defendants to have the right to question the validity of the assignment or its sufficiency she should have done so by plea or brief statement. 66 Maine, 545 ; 54 Maine, 196.

Husbands may sue and maintain actions at law against their wives, on any contract or agreement signed by the wife given for any lawful purpose. 64 Maine, 181 and cases there cited, decisive on that point also. 57 Maine, 547 ; 65 Maine, 222.

*R. A. Frye and A. E. Herrick*, for the defendant, cited : *Dennett* v. *Goodwin*, 32 Maine, 44 ; *Bunker* v. *Athearn*, 35 Maine, 364 ; *Mathews* v. *Houghton*, 11 Maine, 377 ; *Allen* v. *Hooper*, 50 Maine, 371 ; 2 Add. Cont. 789 ; *Bryant* v. *Erskine*, 55 Maine, 153 ; Big. Estoppel, 503, 507 ; *Thompson* v. *Hoop*, 6 Ohio St. 480 ; Waterman, Con. § § 131, 73, 74 ; *Stevens* v. *Adams*, 45 Maine, 611 ; *Bethlehem* v. *Annis*, 40 N. H. 44 ; *Emerson* v. *Fisk*, 6 Maine, 205 ; *Eastman* v. *Batchelder*, 36 N. H. 141 ; *Clinton* v. *Fly*, 10 Maine, 292 ; *Heath* v. *Jaquith*, 68 Maine, 433 ; *Beaulieu* v. *Portland Co.* 48 Maine, 291 ; *White* v. *Bradley*, 66 Maine, 254.

EMERY, J. The evidence for the plaintiff makes out the following case. In June, 1880, Daniel P. Bennett conveyed his farm to the defendant, and in the following August, married her. He lived on this farm with the defendant, his wife, till March, 1884. In May, 1883, while thus living on the farm, he gave her

his bank-book, and took back from her this instrument, written by himself and signed by her at his request.

"May 11, 1883.

"On demand I promise to pay to the order of Daniel P. Bennett, eight hundred and seventy two dollars, value received, or guarantee to said Bennett, the use of the farm, my life-time— Deeded to me by said Bennett.          Roxanna Bennett."

The only question of law is the construction of this instrument. There was no loan to the defendant. Daniel wanted the use of the farm. He transferred the bank-book to obtain such use. He himself framed such instrument as he desired her to execute for that purpose. He asked for no other assurance or guarantee. He accepted this. There is no suggestion that any other was contemplated. This memorandum was to be his evidence of right to the use of the farm. It is evidence of her promise to permit him to use the farm. It provides a penalty for a breach of such promise. She was to allow Daniel the use of the farm or pay him the sum named. She had the option, not he. 1 Add. on Con. 319 ; 2 Par. Cont. 651, 657.

Daniel could not recover the money, so long as there was no interference with his use of the farm. There is no evidence of any such interference. So far as the evidence shows, he left the farm in March, 1884, of his own accord, without cause, and he may go back when he will. He cannot by his own action fix upon her a liability to pay the penalty, the money. All the evidence fails to show any such liability. It would not sustain a verdict for plaintiff. The court properly instructed the jury to that effect.                         *Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.